11-912-ag
Lin v. Holder

BIA
A077 553 708

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of January, two thousand twelve.

PRESENT:
JOSÉ A. CABRANES,
PETER W. HALL,
GERARD E. LYNCH,
    *Circuit Judges.*

_____

Chao Liang Lin,
        *Petitioner,*

        v.                                    11-912-ag
                                              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:          Yee Ling Poon (Robert Duk-Hwan Kim,
                         *on the brief*), Law Office of Yee
                         Ling Poon, LLC, New York, NY.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General; Douglas E. Ginsburg,
                         Assistant Director; Paul Fiorino,
                         Senior Litigation Counsel, Office of
                         Immigration Litigation, Civil
                         Division, United States Department
                         of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Chao Liang Lin, a native and citizen of the People's Republic of China, seeks review of a February 11, 2011, decision of the BIA denying his motion to reopen his removal proceedings.  *In re Chao Liang Lin*, No. A077 553 708 (B.I.A. Feb. 11, 2011).  We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion.  *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006).  When the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard.  *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).  Generally, a motion to reopen must be filed within 90 days after the date of entry of a final order of removal.  8 U.S.C. § 1229a(c)(7)(C).  However, this time limit does not apply if the motion is "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered," and if "such evidence is material and was not available and would not have been discovered or presented at the previous proceeding."  8 U.S.C. § 1229a(c)(7)(C)(ii).  The alien bears the burden of proving that country conditions have changed.  *See* 8 C.F.R. § 1003.2(c)(1).

Here, Lin's May 2010 motion to reopen was untimely in relation to his September 2002 final order of removal, and the BIA did not abuse its discretion in finding that Lin had failed to establish changed country conditions.  Contrary to the argument in Lin's brief, the BIA did, in fact, consider the letters from a friend and relative that he had submitted, reasonably finding that these letters were not sufficiently probative of changed country conditions.  In making this finding, the BIA noted that, according to a 1998 State Department Country Profile that Lin had submitted in support of his underlying asylum application, unauthorized Christian groups in China have been subject to persecution since at least 1996.

2

Additionally, the BIA did not abuse its discretion in making similar findings with respect to Lin's reliance on a 2009 State Department Report and religious regulations issued by the Chinese government in 1994 and 2005. The two State Department submissions at issue—the 1998 Country Profile and the 2009 Report—do not provide a clear basis for comparing the frequency, extent, or nature of the religious persecution that existed in the two periods. With respect to the two sets of regulations at issue a comparison reveals, at most, that religion in China in 2005 was more comprehensively regulated than it was in 1994, but that comparison has no direct bearing on the underlying issue of religious persecution. Accordingly, substantial evidence supports the BIA's conclusion that Lin failed to establish changed country conditions.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3